IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRACY HURLEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 20-895 |
| | : | |
| CONNECTIONS COMMUNITY | : | |
| SUPPORT PROGRAMS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

Restrepo, *Circuit Judge*                                               September 24, 2021

## MEMORANDUM

Before the Court is DOC Defendant's Motion to Dismiss for Failure to State a Claim.[1] (D.I. 13). The motion has been fully briefed. (D.I. 14, 16, 17). For the following reasons, the motion will be GRANTED.

I.   **BACKGROUND**

The Delaware Department of Corrections ("DDOC") contracts with Connections Community Support Programs, Inc., to provide medical care in its facilities, including Baylor Women's Correctional Institute. (D.I. 1, Ex. A at ¶¶ 21, 34). Tracy Hurley was an inmate at Baylor in 2018 at the time of the alleged injuries. (*Id.* at ¶ 1).

On March 3, 2018, Connections ordered a cat scan of Ms. Hurley's abdomen for a suspected intestinal blockage. (*Id.*). On March 5, she was admitted to St. Francis Hospital's

---

[1] The other defendant, Connections Community Support Programs, Inc., filed a separate motion to dismiss, which was previously granted. (*See* D.I. 3, D.I. 18).

Emergency Room for diagnosis and treatment of a bowel obstruction. (*Id.* at ¶ 2). Ms. Hurley was discharged on March 10 and placed in a medical observation unit at Baylor for twenty-four hours before returning to her dorm on March 11. (*Id.* at ¶¶ 2-4).

On March 12, Ms. Hurley fell ill and was admitted a second time to St. Francis Hospital for treatment until March 22. (*Id.* at ¶ 5). Upon returning to her dorm on March 26, Ms. Hurley alleges she did not receive all of her prescribed medications, including prednisone. (*Id.* at ¶ 7). For an undefined period of time between March 26 and April 6, Ms. Hurley made complaints regarding intermittent dosages of prednisone, as well as progressively severe symptoms of nausea, vomiting, and not passing stool. (*Id*. at ¶¶ 8-9).

On April 6 at approximately 9:00 p.m., Ms. Hurley became violently ill. (*Id*. at ¶ 10). A cellmate alerted a unit officer, who dispatched a request to Connections' employees for medical treatment. (*Id.*). However, they did not arrive until around 2:30am. (*Id*. at ¶¶ 10, 12). Ms. Hurley was eventually placed in an observation cell, but she alleges that the medical staff refused to page the doctor "until a reasonable hour." (*Id*. at ¶ 13). They also denied her requests for non-oral nausea medication in the interim as she was vomiting bile and could not digest oral medications. (*Id*. at ¶ 18). A doctor finally consented for Ms. Hurley to be transported to St. Francis Hospital's Emergency Room, (*Id*. at ¶ 14), and she has no recollection of events "after receiving her first dose of pain medication at the Emergency Room." (*Id*. at ¶ 17).

Ms. Hurley filed a complaint in the Delaware Superior Court on March 20, 2020, (D.I. 1, Ex. A.), alleging medical malpractice by Connections under Delaware law as well as deliberate indifference under 42 U.S.C. § 1983 against Connections, DDOC, and the

2

following DOC officials: Wendi Caple (Warden of Baylor), Perry Phelps (Delaware Commissioner of Corrections), and Marc Richman (Delaware Bureau Chief of Correctional Healthcare Services) (collectively, "DDOC Officials"). (*Id.* at ¶ 37).

Connections filed a notice of removal to federal district court on July 1, 2020 and a F. R. Civ. P. 12(b)(6) Motion to Dismiss on July 13, 2020. Judge Andrews granted Connections' motion to dismiss due to Ms. Hurley's failure to "allege with any specificity how Connections' failure to implement a policy was the moving force behind the injury alleged." (D.I. 18 at 9) (quotations omitted).

## II.     LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice. *Id. Twombly* and *Iqbal*'s plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.*  Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  To determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) identify the allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212,

221 (3d Cir. 2011) (citations omitted). Courts must construe the allegations in a complaint "in the light most favorable to the plaintiff." *Id.* at 220.

In deciding a motion to dismiss, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). Additionally, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

### III. DISCUSSION

#### A. DDOC

Ms. Hurley brings § 1983 claims against DDOC and DDOC Officials for deliberate indifference towards Connections' alleged violations of her Eighth Amendment rights. Before evaluating the legal elements of her claims, the primary issue is determining whether the defendants are subject to suit. The Eleventh Amendment bars federal suits against States, their agencies, and officers in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Downey v. Pa. Dep't of Corr.* 968 F.3d 299, 310 (3d Cir. 2020); *see also Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 58 (1996) (applying Eleventh Amendment immunity regardless of relief sought).

Federal claims may proceed when the State consents to suit in federal court.[2] Removal to federal court is a voluntary and express waiver of Eleventh Amendment immunity from suit in federal court. *See Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002); *see also Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 197 (3d Cir. 2008). However, States may establish sovereign immunity against liability independent of the Eleventh Amendment. *See Lombardo*, 540 F.3d at 200.

Ms. Hurley originally filed her claim in the Superior Court of Delaware. It was not until Connections filed a Notice of Removal to federal district court, (D.I. 1), that DDOC was subject to suit in federal court[3], and it thereby waived its Eleventh Amendment immunity. However, while DDOC's briefs do not distinguish between immunity from suit versus liability, immunity from liability applies because Delaware has not expressly consented to § 1983 liability. *See Ospina v. Dep't of Corr.*, 749 F. Supp. 572, 578-79 (D. Del. 1990) (holding Delaware's state insurance coverage program did not unequivocally express consent to suit in federal court). Therefore, DDOC is immune from liability for Ms. Hurley's § 1983 claim, and this count will be dismissed with prejudice.

---

[2] The Eleventh Amendment also does not bar plaintiffs seeking prospective relief against officers in their official capacities, but Ms. Hurley neither seeks prospective relief, (D.I. 1, Ex. A at ¶¶ A-C), nor sues DDOC Defendants in their official capacities, (D.I. 1, Ex. A at ¶ 37).

[3] The fact that Connections filed the notice of removal to federal court is immaterial, given DDOC's consent was required for the notice of removal to be granted. *See* 28 U.S.C.A. § 1446(2)(A) (West); *see also* (D.I. 1, Ex. A at ¶ 5).

### B. DDOC Officials

The Eleventh Amendment does not protect DDOC Officials from § 1983 liability in their individual capacities. *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016). Ms. Hurley may pursue her claim against them if she "allege[s] acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

A claim of deliberate indifference requires evidence of DDOC Officials' personal involvement in the alleged constitutional deprivation; *respondeat superior* alone is insufficient for liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d. Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*; *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [] will not be chargeable with … deliberate indifference.). Actual knowledge can be evidenced by a custom: "an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'" *Natale*, 318 F.3d at 584 (*quoting Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Ms. Hurley alleges that DDOC Officials promulgated a custom of deliberate indifference to her serious medical needs by ignoring Connections' inadequate medical care, (D.I. 1, Ex. A at ¶¶ 34-39; 41-46; 48), in violation of her Eighth Amendment rights. *See Estelle*, 429 U.S. at 97; *Spruill*, 372 F.3d at 235. However, even when evaluating the facts

6

in the light most favorable to her, Ms. Hurley's pleadings fail to allege actual knowledge or acquiescence by DDOC Officials that rises to the level of personal involvement. Primarily, her complaint lacks sufficient factual matter to state a plausible claim that DDOC Officials had knowledge of her complaints regarding prednisone and her deteriorating health. *But cf. Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (alleging plaintiff contact with warden via letter regarding inadequate medical care). Further, the claims presented by Ms. Hurley do not allege a specific custom. While she attempts to plead the enforcement of a custom from "hundreds of complaints, grievances and lawsuits," (D.I. 1, Ex. A at ¶ 48), her complaint does not identify the contents of any of these complaints, who reported them, or how they relate to DDOC Officials' alleged knowledge of her claims. (D.I. 1, Ex. A at ¶ 48-50.)

Because an amended § 1983 complaint could reasonably plead that DDOC Officials had actual knowledge of Connections' alleged Eighth Amendment violations, this count will be dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, DOC Defendants' motion to dismiss for failure to state a claim, (D.I. 13), is **GRANTED**. The case against DDOC is **DISMISSED** with prejudice and the case against DDOC Officials is **DISMISSED** without prejudice.